WILLIAM GRAHAM, APPELLANT, v. THE PHŒNIX INSURANCE COMPANY AND OTHERS, RESPONDENTS.

*Policy of insurance — taken out by mortgagee — refusal of owner to furnish proofs of loss — remedy of mortgagee.*

The defendant Gleavey executed to the plaintiff a purchase-money mortgage for $44,000, containing the usual clause for insurance. Subsequently she conveyed the property to her daughter, an infant of the age of three years, and the defendant The Phœnix Insurance Company delivered to the plaintiff a policy upon a portion of the mortgaged premises, insuring the daughter as owner and the plaintiff as mortgagee to the amount of $2,500. After a loss had occurred, this action was brought by the plaintiff against the company, the infant owner and Gleavey, her guardian, alleging that the policy required proofs of loss to be furnished by the "assured;" that he had prepared proofs

of loss which the company had refused to accept on the ground that they should be made by the owner; that the defendant Gleavey kept the infant owner and herself concealed, and refused to furnish the necessary proofs unless plaintiff would pay her $3,000; and prayed that the defendant Gleavey be required to furnish proper proofs of loss; that the twelve month limitation for the bringing of action upon the policy be not enforced as against plaintiff's claim, and that the company be directed to pay the same.

The defendants demurred, separately, on the ground that the complaint did not state facts sufficient to constitute a cause of action, and for an improper joinder of causes of action therein.

*Held*, that no cause of action was stated against the company, as it was admitted that before it could arise proofs of loss must first be furnished, and this had not been done.

That if any cause of action existed against the defendant Gleavey and her infant daughter, it was one in which the company had no interest.

That the demurrers should be sustained.

APPEAL from an order sustaining demurrers to the complaint in this action, interposed by the defendants.

The complaint alleges that the plaintiff is the holder of a bond and mortgage made by the defendant Gleavey (then Mrs. Jack) for $44,000, dated October 7, 1874, on certain premises in Flatbush, L. I., with the usual provision therein to procure insurance as collateral to the bond and mortgage.

That on November 2, 1874, the mortgagor conveyed the premises, through Chauncey E. Cook, to defendant Margaret E. Jack.

That on February 25, 1876, and as further security for the mortgage debt, the Phœnix Insurance Company delivered to plaintiff, upon payment of the premium by him, its policy of insurance for $2,500, insuring Margaret E. Jack as owner and plaintiff as mortgagee, on the premises in question.

That by the terms and conditions of insurance in the said policy, it was provided that the "assured" should give notice of loss and render proofs of loss; and, also, that all suits on the policy must be brought within twelve months, or be barred by that lapse of time.

That on the 8th March, 1876, the house mentioned in the policy was totally destroyed by fire; the loss amounting to $14,000.

That plaintiff immediately notified the insurance company, and he subsequently prepared and delivered to the company proofs of loss, made by the plaintiff as the party sustaining the loss and damage, and that the company, having received such proofs, insisted

that they were null and void, on the ground that Margaret E. Jack was the party assured, and the party by whom the proofs of loss were, by the terms thereof, required to be made, and that such proofs of loss by the plaintiff were null and void.

That thereupon the plaintiff endeavored to procure proper proofs of loss to be made by the said Margaret E. Jack, and then ascertained that the said Margaret E. Jack was the infant child of the defendant Gleavey, aged three years. That prior to the loss, plaintiff had been informed by Mrs. Gleavey, that M. E. Jack was a sister to the said Gleavey's late husband, and was of full age. That after the loss, Mrs. Gleavey kept herself and her infant child concealed, and prevented the service of any papers, or the making of any demand upon them, or either of them, but caused plaintiff to be informed that if he would pay her $3,000, she, Mrs. Gleavey, would make, or cause to be made, the proper proofs of loss on behalf of the child.

That thereafter one Lindley, in pursuance of an order made by this court in proceedings instituted by the plaintiff, presented proofs of loss to the insurance company, which are still in possession of the company.

That on the 10th August, 1876, the insurance company gave notice in writing to Lindley that the proofs so presented were not accepted or recognized by the company; that they denied his right, power and authority to make or serve any such papers, or that the papers had any force, etc., whatever; also, that they had not, and did not, waive or dispense with full performance of every provision, etc., contained in the policy, and did not admit any liability for the destruction of, or damage to, the property, etc. And the company has ever since insisted, and continues to insist, that all such proofs of loss, made either by the plaintiff or by Lindley, were in all respects null and void, etc.

That there is danger that such claim and position of the company is well founded, and that it may be yet ultimately held that the proofs of loss so served, whether by the plaintiff or Lindley, were and are defective and insufficient, and may not form a compliance with the terms of insurance in the policy, sufficient to enable the plaintiff to maintain his action thereon; and, also, that proper proofs of loss can only be made by the infant, or by her general guardian,

or in case of their refusal, neglect or omission so to do, by some person properly appointed by this court in an action like the present, on proper proceedings had for the purpose. That said plaintiff has. made every possible effort to induce said general guardian to make the necessary proofs, but has been and is unable to induce her to do so, or to procure any interview with her, or to communicate with her; that the twelve months from the date of the loss will expire March 8, 1870, and the plaintiff apprehends that the company will thereupon insist that all right of action in his favor on the policy will be forever barred; and he is, therefore, in great danger of losing all benefit, claim and demand against the insurance company, or for the loss, by reason of the fraudulent conduct of the defendant Gleavey. That the infant and said Gleavey are both insolvent, and that the money secured by the said bond has become due, and plaintiff has foreclosed the mortgage, recovered judgment, and purchased the mortgaged premises at the sale for $1,000, all the residue of the amount due on the bond being due plaintiff as a deficiency on the sale.

The prayer for relief was for such relief as plaintiff may be entitled to in the premises.

That defendant Gleavey be ordered and directed to make, or that some proper person be appointed as special guardian to the infant to make, and who shall make, the necessary and proper proofs of loss under the policy.

That the corporation be adjudged to pay the amount specified in the policy of insurance after the making of the proper proofs.

That the limitation of time in the policy of insurance mentioned be not allowed to attach or take effect as against the plaintiff.

That the plaintiff may recover from the defendant the money mentioned in the insurance, being the loss and damage by him sustained.

*Lucien Birdseye*, for the appellant.

*N. B. Hoxie*, for the Phœnix Insurance Company, respondent.

*Wernberg & Reilly*, for the respondent Gleavey.

DYKMAN, J. :

This action cannot be maintained in its present aspect. If the plaintiff has any action against Margaret Elliot Jack, it arises from the duty which she owes him to make the proofs of loss of her buildings to the insurance company, to the end that he may collect the insurance money on account of his debt secured by her mortgage. Whether she owes him this duty need not be decided now in the view we take of the case.

Neither is it necessary for us to determine what, if any, duty is due from the defendant, Ellen Elliot Gleavy to the plaintiff, or what, if any, action can be maintained against her by the plaintiff.

It is entirely clear that the complaint contains no cause of action against the insurance company in conjunction with the other defendants. If any cause of action exists in the plaintiff's favor against the insurance company, it is one at law to recover the loss by virtue of the policy of insurance. If his cause of action is now complete, that is, if he is now situated so as to maintain such action, he can do so, but that must be brought against the insurance company alone.

If he is not now in a condition to bring such an action, and it is necessary to procure something to be done by either or both of the other defendants before he can do so, then that must be procured in an action in which one or both are defendants. The insurance company has no interest in, and cannot be made a party to, such an action, and the other defendants have no interest in, and cannot be made a party to, an action to recover on the policy for the loss.

This simple statement is sufficient to show that the two causes of action, or two kinds of relief which the plaintiff wants, do not affect all the parties to this action.

Whether the limitation of time contained in the insurance policy shall be allowed to have effect, may be determined in an action against the insurance company alone.

The order appealed from must be affirmed, with costs and disbursements.

GILBERT, J., concurred ; BARNARD, P. J., not acting.

Order sustaining demurrer affirmed, with costs.